Broadway Transportation, Inc.
vs.
United Electric Railways Company

No. 91783.

July 16, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $668.31.

This is an action to recover damages as a result of injury done to plaintiff's truck which was in collision with one of defendant's electric cars in the early afternoon of July 27, 1933, at or near the intersection of James and South Main Streets, in the City of Providence.

It appeared that one Charles A. Miller was driving a heavily loaded truck southerly on South Water Street. He turned easterly on James Street, reached South Main Street, and when within about five feet of the westerly rail of the nearer of the two tracks in that highway, looked to his left and saw an electric car approaching on the west bound track. He testified that the car was then 275 to 300 feet away; that when his front wheels were over both rails the car was 125 to 130 feet away; that he proceeded at a speed of 6 or 7 miles per hour, turning to his left or northerly with the intention of going to Pawtucket; that as the car came nearer the operator appeared to be confused. The left forward corner of the electric car struck the truck in about the middle of the body. Miller testified that when the collision occurred, the wheels were off the track but a portion of the body was still within the overhang of the electric car.

Miller's story of how the accident occurred was measurably supported by one Gomes who was walking northerly on the westerly sidewalk on South Main Street and by Charles E. Burdick, a passenger on the electric car. The latter said that the front wheels of the truck were going over the right rail when the car was at the alley-way near Weaver's Paint Shop. According to the plat put in evidence by the defendant the distance from the alley-way to the northerly curb line of James Street is about 160 feet.

The operator testified substantially that he saw the truck; that it slowed down before reaching the track and he assumed that the driver was intending to allow him to pass; that when he saw him go ahead, he attempted to stop; that his car was practically stopped when it struck the truck. He also said that when the front wheels of the truck were on the westerly rail, he was about 25 feet away; that he applied the emergency brake about 12 feet away when he saw there was going to be an accident.

Miss Ivers, a passenger on the car, testified on behalf of the defendant. She did not see the truck before the accident, but thought the car was going at a moderate rate of speed.

Mary Perry, another passenger, said that the car was not going very fast; also that there was no change in the speed of the car up to the time of the crash.

Whether the truck had the right of way was, under all the evidence, clearly a question for the jury. The jury evidently concluded that the driver of the truck had a right to proceed as he did and the Court thinks there was ample evidence to justify this conclusion of the jury.

Defendant's ground for new trial that the damages are excessive was not pressed.

In the opinion of the Court the case was fairly tried; the verdict is not against the law as given to the jury by the Court, nor is it against the weight of the evidence. The verdict

does substantial justice between the parties and defendant's motion is therefore denied.

For plaintiff: William A. Gunning, Esquire.

For respondent: Clifford Whipple, Esquire.